UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                              CASE NO: 2:05-CR-78-FtM-33DNF

MICHAEL LYNDE ROGERS
_____/

**ORDER**

This cause comes before the Court for consideration of the effect of 18 U.S.C. § 3582(c)(2) and Amendment 750 on Defendant Michael Lynde Rogers's sentence. For the reasons that follow, the Court finds that Defendant is ineligible for a sentence reduction.

**I.  Background**

On December 14, 2005, Defendant Rogers pled guilty to a charge of possession with intent to distribute and distribution of 5 grams or more of a mixture or substance containing crack cocaine. (Doc. # 29). He was sentenced to 188 months imprisonment on April 5, 2006. (Doc. ## 38-39). His sentence was reduced to 151 months on March 7, 2008, pursuant to the United States' motion for a two-level downward departure based upon substantial assistance provided by Rogers. (Doc. ## 54-55).

After Amendment 750 was promulgated, the United States Probation Office found, based upon a preliminary review, that

Rogers might be eligible for a sentence reduction. On November 1, 2011, acting on its own motion, the Court ordered that a Federal Defender be appointed for Rogers and that the United States Probation Office provide a supplemental presentence report. (Doc. # 62). The United States filed its response to the Court's Order on November 23, 2011 (Doc. # 64) and Rogers filed his response and supplemental response on January 12, 2012 (Doc. ## 68-69).

On April 27, 2012, the Court scheduled oral argument as to the impact of Amendment 750 on Rogers's case. (Doc. # 71). The United States filed a notice of supplemental authority on May 7, 2012 (Doc. # 73). Rogers filed a notice of supplemental authority on May 10, 2012 (Doc. # 74). A hearing was held on May 15, 2012, during which the Court determined that Rogers is ineligible for Amendment 750 relief. (Doc. # 75).

## II. **Analysis**

The United States Sentencing Commission promulgated Amendment 750 lowering the base offense level specified in U.S.S.G. § 2D1.1 for cocaine base (crack cocaine) offenses as of November 1, 2011. The Commission decided that Amendment 750 should be applied retroactively. Section 3582(c)(2) gives the district court the discretion to modify a term of imprisonment after it has been imposed as follows:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 1B1.10(a) of the Sentencing Guidelines provides that a reduction in a defendant's term of imprisonment is authorized under § 3582(c)(2) when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)." U.S.S.G. § 1B1.10(a). However, a reduction in sentence is not authorized under § 3582(c) if the covered amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

When a defendant's base offense level was determined according to the career offender guidelines and not the drug quantity table, Amendment 750 does not have the effect of lowering the defendant's applicable guideline range. In United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), the Eleventh Circuit held that career offenders were not eligible for reductions in sentence based on the 2008 retroactive crack

amendment (Amendment 706) because their sentences were "based on" the career offender guidelines, not the crack guidelines. This is so because a career offender is sentenced under U.S.S.G. § 4B1.1.; a reduction to the base offense level under U.S.S.G. § 2D1.1 would not affect the sentencing range. Id. at 1327-30. To the extent that a defendant may seek to challenge his career offender status, this Court lacks authority to revisit that determination in a § 3582(c)(2) proceeding. Dillon v. United States, 130 S.Ct. 2683, 2694 (2010).

Rogers concedes that the record supports a finding that he qualified to be sentenced as a career offender. He further recognizes that the stated reasons for Amendment 750 suggest that those sentenced as career offenders would be unaffected by the Amendment. Nonetheless, Rogers asks this Court to consider Freeman v. United States, 131 S.Ct. 2685 (2011), in which the Supreme Court held that "§ 3582(c)(2) modification proceedings should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytical framework the judge used to determine the sentence." Id. at 2692-93. The Court stated that sentencing guidelines should be corrected when they become "a cause of inequality, not a bulwark against it." Id. at 2690.

Rogers suggests that while Freeman involved the applicability of the retroactive amendment to a plea agreement, the language of the decision is broad enough to impact career offender cases. In particular, the Supreme Court noted that "a categorical bar on § 3582(c)(2) relief . . . would prevent district courts from making an inquiry that is within their own special knowledge and expertise." Id. at 2694. As such, § 3582(c)(2) "calls for an inquiry into the reasons for a judge's sentence." Id. at 2695. Thus, Rogers asserts that Freeman calls Moore's narrow interpretation of the phrase "based on" into question.

In his supplemental authority, Mr. Rogers cites four cases in which career offenders were found to qualify for reduced sentences subsequent to Freeman. In United States v. Jackson, 2012 WL 1592624 (6th Cir. May 8, 2012), the court rejected a formalistic approach to the guidelines because of Freeman.[1] In United States v. Carrigan, 446 F. App'x 392, 393 (3d Cir. 2011), the court held that "at a minimum, Freeman counsels that we remand this matter to the District Court so that it can reconsider [the defendant's] sentence."

---

[1] Prior to Freeman the Sixth Circuit had held that career offenders were not eligible for sentence reductions under Amendment 706. See United States v. Pembrook, 609 F.3d 381 (6th Cir. 2010).

In United States v. Swint, 442 F. App'x 614 (2d Cir. 2011), the court relied upon United States v. Rivera, 662 F.3d 166 (2d Cir. 2011), which in turn relied on Freeman. The Rivera court held that if a subsequently lowered guideline "was a relevant part of the analytic framework the judge used to determine the sentence, the relevant statutory and Guidelines provisions require that a § 3582(c)(2) proceeding be available to allow the sentencing court the opportunity to remedy an injustice." 662 F.3d at 177 (internal quotations and citations omitted).

Other circuit courts have disagreed, however. In United States v. Bonds, 2012 WL 1183699, at *1 (7th Cir. Apr. 10, 2012), the defendant asked the court to overrule its precedent as inconsistent with Freeman. The Seventh Circuit found that the decision in Freeman "has nothing to do with how retroactive amendments affect career offenders." Id. Freeman involved the effect the retroactive amendments might have upon a plea bargain specifying a particular term of imprisonment: "The Court held that because such an agreement might be based on a Guidelines range, the resulting sentence could be affected by a retroactive amendment. The career-offender Guideline, by contrast, is based on the statutory maximum sentence for the offense." Id. (citations omitted).

More significantly, the Eleventh Circuit recently reiterated its position that a court may reduce a defendant's sentence pursuant to § 3582(c)(2) only if the relevant amendment is listed in U.S.S.G. § 1B1.10(c) and the reduction is consistent with the Guidelines' policy statement in U.S.S.G. § 1B1.10(a)(1). United States v. Baxter, 2012 WL 1192173, at *1 (11th Cir. Apr. 9, 2012).

> When determining whether a reduction is warranted, a court should determine the Guidelines range that would have been applicable had the relevant amendment been in effect at the time of the defendant's sentencing. In doing so, a court must only substitute the relevant amendment into the district court's original Guidelines calculations, and leave all other Guideline-application decisions unaffected. Where a retroactively applicable Guidelines amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his sentence was based, the district court is not authorized to grant a sentence reduction pursuant to § 3582(c)(2).

Id. Furthermore, courts in the Middle District have held recently that nothing in Freeman undermines Moore to the extent that a court should disregard Moore. See United States v. Daniels, No. 2:04-cr-87-FtM-29SPC, 2012 WL 405174, at *1 (M.D. Fla. Feb 9, 2012); United States v. Brandy, No. 6:11-cr-340-Orl-31DAB, Doc. # 11 (M.D. Fla. Jan. 31, 2012).

In his supplemental response, Rogers cites two cases within the Eleventh Circuit in which a career offender was

awarded a sentence reduction: United States v. Deveaux, No. 5:01-cr-11 (M.D. Ga. Feb. 15, 2012) and United States v. Ball, No. 3:01-cr-38 (N.D. Fla. Dec. 22, 2011). However, given the courts' lack of explanation, in particular with respect to distinguishing Moore, this Court finds that these cases should not be treated as persuasive authority.[2]

After careful consideration of the arguments and authorities discussed above, the Court finds that Defendant Rogers is ineligible for relief pursuant to Amendment 750 because he is a career offender. A reduction in Defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with U.S.S.G. § 1B1.10. Furthermore, pursuant to United States v. Moore, the Court lacks the authority to reduce Defendant's sentence.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant Michael Lynde Rogers is ineligible for a reduction in sentence pursuant to § 3582(c)(2) because he is a career offender.

---

[2] These decisions appear to rest on the policy factors set forth at U.S.S.G. § 1B1.10.

**DONE** and **ORDERED** in Fort Myers, Florida, this <u>21st</u> day of May, 2012.

                                                  VIRGINIA M. HERNANDEZ COVINGTON
                                                    UNITED STATES DISTRICT JUDGE

Copies:
Office of the Federal Public Defender
United States Attorney's Office
United States Probation office
Bureau of Prisons
U.S. Marshals Office
Any pro se party